# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JANICE GLASS,  Case No.:

        Plaintiff,

vs.

MAGUIRE INSURANCE AGENCY, INC.,

        Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JANICE GLASS ("Ms. Glass"), by and through her attorneys, alleges and states as follows:

## **PRELIMINARY STATEMENT**

1. The Plaintiff, Ms. Glass, brings this action against Defendant MAGUIRE INSURANCE AGENCY, INC. ("MAGUIRE" or "Defendant") for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 to 12213 ("ADA"), and the Florida Civil Rights Act (FCRA).

2. Defendant hired Ms. Glass in December of 2004 as an Assistant Underwriter in its Altamonte Springs, Florida Office.

3. Despite Ms. Glass' many achievements, Defendant subjected her to discrimination and retaliation because she was a black woman, disabled, and had exercised her rights protected by the FMLA, Title VII, and the FCRA.

4. On April 1, 2019, while Ms. Glass was on disability leave, Defendant terminated Ms. Glass' employment.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII, and the FMLA, and the FCRA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in this district.

## CONDITIONS PRECEDENT

7. On March 5. 2019 and April 19, 2019, Ms. Glass timely dual-filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Rights (FCHR).

8. On or about December 18, 2019, Ms. Glass received a Notice of Right to Sue from the EEOC. This Complaint has been filed within 90 days of receipt of that notice.

9. Ms. Glass has exhausted all administrative remedies required by the applicable statutes.

10. All conditions precedent to bringing this action have occurred or been waived.

## PARTIES

11. At all times relevant to this action, Ms. Glass was an employee, as defined by Title VII, and the FCRA, and is an eligible employee as defined by the FMLA.

12. Defendant is a Pennsylvania corporation with corporate headquarters located in Bala Cynwyd, PA.

13. Defendant is an employer as defined by Title VII, the FMLA, and the FCRA.

# FACTS

14. Ms. Glass began working for Defendant in or about December of 2004 as an Underwriter Assistant.

15. In or about 2017 Defendant's work environment became very hostile toward black employees.

16. Ms. Glass made multiple attempts to address the harassment and discrimination she was experiencing internally, through Defendant's complaint procedure.

17. Unfortunately, rather than the environment improving, the treatment of Ms. Glass got worse.

18. The environment was so hostile that Ms. Glass began to experience psychological and physical symptoms secondary to stress.

19. In early 2019 Defendant became aware that Ms. Glass was suffering from a serious medical condition.

20. On or about February 14, 2019, Ms. Glass began leave under the Family and Medical Leave Act.

21. While on FMLA leave Ms. Glass filed a charge with the EEOC regarding racial discrimination she had experienced during her employment.

22. Less than a month later, on April 1, 2019, Plaintiff's employment was terminated.

23. Plaintiff then filed a second charge with the EEOC for the retaliatory termination.

## COUNT ONE
**Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e et al.)**

24. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Ms. Glass is a member of a protected class because her race is black.

26. Defendant treated white employees more favorably.

27. Ms. Glass suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

28. Defendant intentionally violated Ms. Glass' rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

29. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

30. Ms. Glass engaged in protected activity by complaining about discriminatory treatment based on her race.

31. Less than a month after Plaintiff filed a charge of discrimination with the EEOC her employment was terminated.

32. Defendant's alleged reason for terminating Ms. Glass' employment is pretextual and baseless.

33. Defendant fired Ms. Glass because she complained of discrimination.

34. Ms. Glass suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

35. Defendant intentionally violated Ms. Glass' rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT THREE
### Retaliation in Violation of the Family and Medical Leave Act (FMLA)
### (29 U.S.C. §§ 2601-2654)

36. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

37. Ms. Glass began FMLA leave on February 14, 2019.

38. Less than two months after Plaintiff began FMLA leave her employment was terminated.

39. Defendant's alleged reason for terminating Ms. Glass' employment is pretextual and baseless.

40. Defendant fired Ms. Glass because she took FMLA leave for her own serious medical condition.

41. Ms. Glass suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

42. Defendant willfully violated Ms. Glass' rights under the FMLA and, as a result, is liable for liquidated damages.

## COUNT FOUR
### Race Discrimination in Violation of the FCRA

43. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

44. Ms. Glass is a member of a protected class because her race is black.

45. Defendant treated similarly-situated white employees more favorably.

46. Ms. Glass suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FIVE
**Retaliation in Violation of the FCRA**

47. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

48. Ms. Glass engaged in protected activity under the FCRA multiple times during her employment, including but not limited to when she filed a charge of discrimination with the FCHR.

49. Less than a month after Ms. Glass filed her charge of discrimination, Defendant summarily fired Ms. Glass on April 1, 2019.

50. Defendant's alleged reason for terminating Ms. Glass' employment is pretextual and baseless.

51. Defendant fired Ms. Glass because she complained of discrimination.

52. Ms. Glass suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX
**Discrimination in Violation of the Americans with Disabilities Act
42 U.S.C. §§ 12181 *et seq*.**

53. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

54. Ms. Glass was disabled and/or perceived as disabled, and qualified for her position when Defendant fired her.

55. Defendant treated similarly-situated employees who were not disabled and/or perceived as disabled.

56. Ms. Glass suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SEVEN
## Disability Discrimination in Violation Of The FCRA

57. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

58. Ms. Glass was disabled and/or perceived as disabled, and qualified for her position when Defendant fired her.

59. Defendant treated similarly-situated employees who were not disabled and/or perceived as disabled.

60. Ms. Glass suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT EIGHT
## Race Discrimination in Violation of 42 U.S.C. § 1981

61. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

62. Ms. Glass is a member of a protected class because her race is black.

63. Defendant treated similarly-situated white employees more favorably.

64. Ms. Glass suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT NINE
## Retaliation in Violation of the 42 U.S.C. § 1981

65. Ms. Glass repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

66. Ms. Glass engaged in protected activity under the FCRA multiple times during her employment, including but not limited to when she filed a charge of discrimination with the EEOC and the FCHR.

67. Less than a month after Ms. Glass filed her charge of discrimination, Defendant summarily fired Ms. Glass on April 1, 2019.

68. Defendant's alleged reason for terminating Ms. Glass' employment is pretextual and baseless.

69. Defendant fired Ms. Glass because she complained of discrimination.

70. Ms. Glass suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: March 6, 2020.

Respectfully submitted by,

*Amanda Ellen B. Clay, Esq.*
Amanda Ellen B. Clay, Esq.
Florida Bar No.: 28808
Three Thirteen Law, PLLC
1101 E. Cumberland Ave. Suite 201H
PMB 604
Tampa, FL 33602
ph. (813) 530-9849
mandi@threethirteenlaw.com
313docket@gmail.com